UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC GADIN,<br>　　　Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 08-CV-3773 |
| SOCIETE CAPTRADE; FRANCOIS<br>SOULIER, Individually, and OLIVIER<br>ROMARY, Individually,<br>　　　Defendants. | §<br>§<br>§<br>§ | |

## MEMORANDUM & ORDER

Pending before the Court is Societe Captrade's ("Captrade") Motion to Dismiss Plaintiff Eric Gadin's Complaint. (Doc. No. 6.) For the following reasons, Defendant's Motion must be denied.

## I.　　BACKGROUND

This case arises out of a failed business venture between Plaintiff, a citizen of Texas, and Captrade, a French company whose majority owners and/or investors are Defendants Francois Soulier and Olivier Romary. In 2005, Defendants approached Plaintiff to form a limited liability company in Texas to supply industrial materials for the oil and gas industry.[1] (Pl. Compl. ¶ 8.) The company, ABO Supply, LLC ("ABO") was formed with Plaintiff holding 35 percent of the membership shares and Captrade, 65 percent. (*Id.*) From 2005 to 2008, Plaintiff managed the day-to-day operations of ABO, including paying bills, making sales calls, hiring employees, and marketing the company; he did not, however, collect a salary in compensation for his services. (*Id.* at ¶ 10.)

---

[1] As this is a Motion to Dismiss, all of the facts in Plaintiff's Complaint are taken as true, unless otherwise noted.

Plaintiff contends that relations were so cordial with Defendants that they "often disregard[ed] the company formalities and deal[t] directly with each other." (*Id.* at ¶ 11.) Sometime near June 2008, Defendants, acting on behalf of Captrade, threatened Plaintiff that he would not be receiving compensation or distribution for his services and hired, without Plaintiff's involvement, an outside manager to run ABO. (*Id.* at ¶ 12.) Plaintiff avers that the new manager manipulated ABO's books to de-value the company so that Plaintiff would have to accept a lower than market price for his membership share. (*Id.* at ¶ 13.) In July 2008, Plaintiff was coerced into signing a "non-binding Memorandum of Understanding" in which he agreed to sell his membership interest for an under-valued price. (*Id.* at ¶ 14.) Plaintiff was also coerced into resigning from ABO. (*Id.*) After Plaintiff's departure, Captrade began taking clients from ABO, and Captrade, Soulier, and Romary began moving company records and financial information to a different location. (*Id.* at ¶ 15.) Finally, in October 2008, Captrade called a special meeting to dissolve ABO, but Plaintiff voted against it.

Plaintiff now brings claims of breach of fiduciary duty, minority member oppression, alter ego, and seeks a full and complete accounting and attorneys' fees. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## II.    MOTION TO DISMISS

### A.    Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6) (2008).  When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d

503, 529 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (May 18, 2009) (quoting *Twombly*, 550 U.S. at 570). Although the Court generally considers a motion to dismiss for failure to state a claim based on the face of the Complaint, the Court may also take notice of matters of public record when considering a 12(b)(6) motion. *See Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995); *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994).

### B. Analysis

#### 1. Breach of Fiduciary Duty

Captrade contends that Plaintiff's breach of fiduciary duty claim must be dismissed because Plaintiff has failed to state facts that show that one member of a limited liability corporation has a fiduciary duty to another member; thus, he and Captrade are not in a fiduciary relationship. Captrade explains that, to demonstrate an informal fiduciary relationship, Plaintiff must show that a fiduciary relationship existed before and apart from Plaintiff and Captrade's involvement with ABO. Captrade contends that the subjective trust Plaintiff placed in Captrade does not automatically establish a fiduciary relationship.

Plaintiff responds that Plaintiff used his personal credit, business contacts, and name in order to fund the start-up and business operations. In addition, Plaintiff argues that he relied upon Defendants' representations that investments of time and resources would make his stake in the company profitable.

The elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant. *Navigant Consulting, In. v. Wilkinson*, 508 F.3d 277, 283 (5th Cir. 2007).

Texas recognizes two types of relationships that give rise to fiduciary duties: formal and informal. Formal relationships are those for which fiduciary duties are owed as a matter of law. They include, for example, the relationship between attorney and client, between principal and agent, or between directors of a corporation and the corporation and its stockholders. *Four Bros. Boat Works, Inc. v. Tesoro Petroleum Companies, Inc.*, 217 S.W.3d 653, 668 (Tex. App.—Houston [14 Dist.] 2006, pet. denied); *Pinnacle Data Services, Inc. v. Gillen*, 104 S.W.3d 188, 198 (Tex. App.—Texarkana 2003, no pet.) (internal citations omitted). A common law duty of good faith and fair dealing does not exist in all contractual relationships. *See Subaru of America, Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 225 (Tex. 2002); *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 177 (Tex. 1997) (citing *Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.*, 823 S.W.2d 591, 594 (Tex. 1992), *superceded by statute on other grounds*); *English v. Fischer*, 660 S.W.2d 521, 522 (Tex. 1983).

An informal relationship may give rise to a fiduciary duty when one person trusts in and relies on another, whether the relationship is moral, social, domestic, or purely personal. *Schlumberger Tech. Corp.*, 959 S.W.2d at 176. "[T]o impose such a relationship in a business transaction, the relationship must exist prior to, and apart from, the agreement made the basis of the suit." *See Willis v. Donnelly*, 199 S.W.3d 262 (Tex. 2006) (quoting *Schlumberger Tech. Corp.*, 959 S.W.2d at 177); *Meyer v. Cathey*, 167 S.W.3d 327, 330 (Tex. 2005) (affirming a take-nothing judgment after a jury trial on a breach of fiduciary duty claim because the agreement between the parties disavowed the creation of fiduciary duties relationship between them even though they had entered previous arms-length transactions, they were friends, and they were frequent dinner partners). *Cf. Lee v Hasson*, -- S.W.3d --, 2007 WL 236899 (Tex. App.—Houston [14 Dist.] 2007, pet. denied) (upholding jury verdict based on breach of fiduciary duty when the defendant was a close personal friend of the plaintiff, she depended on the defendant for personal and moral support, she shared confidential information with him, and she relied on him for financial guidance). Moreover, subjective trust does not transform an arms-length business transaction into a fiduciary relationship. *Schlumberger Tech. Corp.*, 959 S.W.2d at 177 (citing *Crim Truck & Tractor Co.*, 823 S.W.2d at 595); *Playboy Enterprises, Inc. v. Editorial Caballero, S.A. de C.V.*, 202 S.W.3d 250, 266 (Tex. App.—Corpus Christi 2006, pet. denied).

The Texas Limited Liability Company Act does not directly address the duties owed by manager and members. It provides:

> To the extent that at law or in equity, a member, manager, officer, or other person has duties (including fiduciary duties) and liabilities relating thereto to a limited liability company or to another member or manager,

> such duties and liabilities may be expanded or restricted by provisions in
> the regulations.

TEX. REV. CIV. STAT. ANN. Art. 1528n, art. 2.20B (Vernon Supp. 2009). Texas courts
have not yet held that a fiduciary duty exists as a matter of law among members in a
limited liability company. *See, e.g.*, *Pinnacle Data Services, Inc. v. Gillen*, 104 S.W.3d
at 198 (remanding the lower court's finding of summary judgment and suggesting that
fiduciary duties exist in the LLC context by analogy to corporate duties of loyalty);
*Suntech Processing Systems, LLC v. Sun Communications, Inc.*, 2000 WL 1780236, at
*6-*7 (Tex. App.—Dallas 2000, pet. denied) (remanding the issue to the district court for
further fact-finding consistent with an informal fiduciary relationship). Other states that
find fiduciary duties among members in an LLC derive them from state-specific statutes.
*See, e.g.*, *Lynes v. Helm*, 168 P.3d 651 (Mont. 2007); *Gottsacker v. Monnier*, 697 N.W.2d
436 (Wis. 2005). Because the existence of a fiduciary duty is a fact-specific inquiry that
takes into account the contract governing the relationship as well as the particularities of
the relationships between the parties, the Court will deny Captrade's Motion to Dismiss.

### 2. Alter Ego

Plaintiff contends that Soulier, Romary, and Captrade "are attempting to use the
company fiction as a means of evading an existing legal obligation." (Compl. ¶ 30.)
Captrade contends, however, that Plaintiff has failed to allege facts that explain how
Captrade is an alter ego of Soulier and Romary or how Soulier and Romary are alter egos
of Captrade. Plaintiff responds that he has pled an alter ego theory because he noted that
Soulier and Romary had some financial interest, ownership or control in Captrade and
that their threats, coercion and intimidation against Plaintiff showed their use of Captrade
for individual purposes. Plaintiff clarifies that he did not intend to apply the alter ego

doctrine to Captrade for liability purposes, but only against Soulier and Romary. Plaintiff consequently seeks leave to amend to clarify this point. Defendant does not object to Plaintiff's request to amend to correct that the alter ego claim was to be asserted against only Soulier and Romary.

Rule 15 provides that leave to amend should be freely given. FED. R. CIV. P. 15(a). The Fifth Circuit, however, allows a court to deny a motion for leave to amend if it finds that the plaintiff's motion is inspired by "undue delay, bad faith or dilatory motive ... repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Central Laborers' Pension Fund v. Integrated Elec. Services Inc.*, 497 F.3d 546, 556 (5th Cir. 2007); *Cf. Lone Star Ladies Investment Club v. Schlotzky's Inc.*, 238 F.3d 563, 368 (5th Cir. 2001). For example, leave is properly denied when the facts the plaintiff wished to add would not have assisted him in stating a claim. *See U.S. ex. rel. Marcy v. Rowan Companies, Inc.*, 520 F.3d 384, 392 (5th Cir. 2008). Likewise, where a plaintiff amended his complaint after receiving the objections in the defendant's motion to dismiss an earlier complaint, a district court properly denied leave to amend a subsequent complaint when the plaintiff failed to indicate additional facts that could correct the deficiencies. *See U.S. ex. rel. Adrian v. Regents of the Univ. of California*, 363 F.3d 398, 404 (5th Cir. 2008).

This case is in its infancy, and Captrade does not contend that Plaintiff's leave to amend is inspired by delay, bad faith or dilatory motive or that it will cause prejudice. Plaintiff has not received numerous chances to amend without correcting pleading flaws. Leave will be granted and, because Plaintiff intends to amend the alter ego claim against

Captrade out of its Complaint, Captrade's Motion, as to this claim, will be denied as moot.

### 3. Minority Member Oppression

Plaintiff notes that Captrade did not address Plaintiff's claim for minority member oppression.

### 4. Attorneys' Fees

Captrade contends that, because Plaintiff's claims for breach of fiduciary duty and alter ego must fail, so to must his claims for attorneys' fees based on those claims. Under Texas law, a plaintiff may not collect fees for a breach of fiduciary duty, but may collect them if they are founded on a contract. *Potter v. GMP, LLC*, 141 S.W.3d 698, 705 (Tex. App.—San Antonio 2004, pet. dismissed). Because the parties have not briefed the minority member oppression cause of action, the Court will defer consideration of this issue.

IV.     **CONCLUSION**

Defendant Societe Captrade's Motion to Dismiss, (Doc. No. 6), is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** this /6 day of June, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE